McKinney, J.,
delivered the opinion of the Court.
This was an action of debt, on a promissory note, brought by an endorsee against the maker and endorsers jointly.
The summons was returned, not served on Rogers, the maker ©f said note. At the appearance Term of the process, the *127 plaintiff entered a nolle prosequi as to the maker, and proceeded to declare against the endorsers alone, averring in the declaration the discharge of the maker by nolle prosequi.
On the trial of the cause, a verdict was found in favor of the plaintiff. The defendants moved in arrest of judgment, and the motion was sustained and judgment arrested. From which judgment the plaintiff appealed in error to this court.
His Honor, the Circuit Judge, arrested the judgment on the ground, that the plaintiff, after having voluntarily discharged the maker, could not proceed in an action of debt, against the endorsers alone ; and the question is, did the court err in thus holding?
The act of 1837, ch. 5, (to amend the act of 1820, ch. 25,) provides, “ that it shall and may be lawful for any person or persons, who are the endorsee or endorsees of any foreign or inland bill of exchange, promissory note, or writing obligatory, to commence and prosecute an action for principal, interest, and charges of protest, if any then be, against all, or any two or more of the endorsers jointly : or, at his election, prosecute an action, jointly, against the maker or makers of any foreign or inland bill of exchange, promissory note, or writing obligatory, and one or more qf the endorsers thereof: and a judgment shall and may be given accordingly.”
This statute, while it gives a joint action against the maker and endorsers of bills, notes, and specialties, does not indicate the form of action, whether debt, or case. But this court in construing the act, in the Planter's Bank vs. Tappan (2. Hum. 96-98,) held, that the endorsee has the right to select that form of action which he may suppose will best advance his interest. Consequently, in respect to bills and notes, at least, the endorsee may maintain either debt, or case, at his election. This he could not have done, either by the common law, or the act of 1820, ch. 25. Prior to the act of 1837, above cited, a joint action, in any form, could not have been *128 maintained, against the drawer or maker of a bill of exchange, or promissory note, and the endorsers thereof: and, neither prior to that statute, nor by virtue of its provisions, will an action of debt lie against the endorsers of a bill or note, if the maker be not joined in the action. The right of action, for the first time given by this statute, whatever be the form, whether debt, or case, is a joint action against the maker and endorsers. And this brings us to the question, whether if the plaintiff, under the provisions of this statute, commence an aetion of debt against the maker and endorsers, jointly, and the appearance of the maker cannot be coerced, or the plaintiff voluntarily discharges him from the action, by nolle prosequi or otherwise, either before or after appearance, he can proceed, in such action, to a recovery and judgment against the endorsers alone ? We think not.
The consequences of allowing the endorsees to maintain an action of debt against the endorsers of a bill of exchange or promissory note may, not infrequently, be of very serious prejudice to them. They may thereby be deprived of the benefit of the statute of limitations of three years, and perhaps other legal defences, of which they might have availed themselves in an action on the case, which, prior to the act of 1837, was the only form of action in which they were liable to be sued. In this view, the act should be construed strictly. But, the plain language, as well as the spirit of the law, are decisive of the question. To commence and prosecute, or to prosecute an action jointly against the maker or makers and endorsers of a note or bill, in the words of the act, necessarily implies, that the suit shall be carried on, against all the parties, according to the ordinary forms and modes of proceeding, to a final judgment upon the issue or issues of law or fact contained in the record. And the reason of this requirement is obvious by reference to another statute, which declares, that a judgment obtained upon any bill, note, or bond negotiable by *129 the laws of this State, against the maker or drawer and endorser jointly, shall be first satisfied out of the property of the maker or drawer, if sufficient property of such maker or drawer can be found. See act 1820, ch. 151, sec. 6.
The act of 1837, is for the benefit of the endorsee, and if he elect to proceed under it, by action of debt against the maker or drawer of a note or bill and the endorsers, jointly, he must, in good faith, prosecute the action to final judgment against the maker or drawer as well as the endorsers. The endorsers have a right to demand this by the act of 1820, above referred to, which was intended for their benefit. To construe the act of 1837, differently would place it in the power of the endorsee to maintain an action of debt against the endorsers, in all cases, contrary to the manifest intention of the Legislature. If the maker or drawer of the note or bill cannot'be served with process, or his appearance otherwise compelled, the en-dorsee must resort to the ordinary remedy, by action on the case.
The latter clause of the act in question needs no comment. If it were even conceded to be applicable to a suit brought jointly against the maker or drawer, and “all or any two or more of the endorsers,” still, it is manifest, that the “ discharge” of one or more of the parties, in the mind of the Legislature, was a discharge by the judgment of the Court, and not by the voluntary act of the plaintiff.
The judgment will be affirmed. •